# United States Court of Appeals
## For the First Circuit

Nos. 18-1305 & 18-1306

UNITED STATES OF AMERICA,

Appellee,

v.

JESSE C. NEWTON,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, U.S. District Judge]

Before

Thompson, Boudin, Kayatta,
Circuit Judges.

William S. Maddox for appellant.
Jeanne D. Semivan, Special Assistant United States Attorney,
with whom Halsey B. Frank, United States Attorney, was on brief,
for appellee.

August 21, 2020

**BOUDIN, <u>Circuit Judge</u>.** In July 2017, Jesse Newton ("Newton") pled guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and was sentenced to 120 months in prison. Newton appeals his sentencing enhancement for possessing a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B).

In May 2013, Newton pled guilty to possessing ammunition after having been convicted of a misdemeanor crime of domestic violence and was sentenced to two years in prison, followed by three years of supervised release. After Newton completed his prison sentence in December 2014, he spent six months at a residential reentry center and then went to live at his mother's home in Waldo, Maine.

In January 2016, Newton's probation officer began receiving reports that Newton was boasting about hunting and possessing firearms, firing guns in his backyard, obtaining bullets, making violent threats, and growing and selling marijuana out of his mother's home. The Waldo County Deputy Sheriff also reported that Newton had told a convenience store employee that he wanted to kill a sergeant in the local police force and burn his house down. Newton was later suspected of detonating a glass beer bottle, containing what appeared to be a commercial firecracker, on the sergeant's front porch.

In July 2016, Newton was arrested on state charges of terrorizing in connection with the detonation incident and Newton's residence was searched under a special condition of his supervised release. Police seized Newton's cell phone, which contained a photo of Newton crouching in a "tactical type" position in a marijuana grow and aiming a gun at the camera. Officers located the marijuana grow near Newton's residence. It consisted of three separate plots with at least forty-six plants at varying stages, many of which were full-grown. Inside Newton's home, police discovered two boxes of nine-millimeter casings and two rifle stocks for an assault rifle. Probation then obtained a warrant alleging multiple violations of Newton's supervised release.

Two days later, probation received a tip that Newton had hidden a gun within a heating duct inside his home. Officers conducted a second search and discovered a loaded nine-millimeter semi-automatic pistol wrapped in black fabric. The ammunition inside the pistol matched the make and caliber of the casings seized earlier from Newton's home; the DNA on the pistol matched Newton's DNA profile.

In July 2017, Newton pled guilty in Maine district court to one count of being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Because Newton had a prior felony "crime of violence" conviction, he faced a base offense

level of twenty-two. U.S.S.G. § 2K2.1(a)(3). The sentencing court heard testimony from multiple witnesses about Newton's possession of numerous firearms, marijuana growing operation, and efforts to intimidate witnesses who might testify against him. The court applied a four-level enhancement for handling at least eight firearms, id. § 2K2.1(b)(1)(B), a four-level enhancement for possessing a firearm in connection with another felony offense, namely marijuana cultivation, id. § 2K2.1(b)(6)(B), and a two-level enhancement for obstructing justice, id. § 3C1.1.

These enhancements brought Newton's total offense level to thirty-two, which, paired with a Criminal History Category of VI, produced an initial guideline range of 210 to 262 months. The district court then amended the guideline range to 120 months capped by the statutory maximum for the offense. Id. § 5G1.1(a).

In assessing the sentencing factors under 18 U.S.C. § 3553(a), the district judge emphasized Newton's "very troubling" criminal history, which included twenty-nine convictions dating back to age thirteen. The district judge noted the need to protect the public from Newton was "obvious" and Newton had not heeded the judge's previous warnings to change his behavior. The district judge sentenced Newton to the statutory maximum of 120 months in prison on the felon in-possession charge to run consecutively to a twenty-four-month revocation sentence for violating his supervised release conditions.

The only issue on appeal is the district court's application of the four-level sentencing enhancement for possessing a firearm in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(6)(B). Newton argues that he neither committed "another felony offense" nor possessed a firearm "in connection with" any such offense. Neither argument has merit.

The government bears the burden of proving a sentencing enhancement by a preponderance of the evidence. United States v. Paneto, 661 F.3d 709, 715 (1st Cir. 2011). Factual findings are reviewed for clear error and application of the guidelines on a "sliding scale." United States v. Matthews, 749 F.3d 99, 105 (1st Cir. 2014). The clear error standard requires "a strong, unyielding belief that a mistake has been made." United States v. Oliveira, 907 F.3d 88, 92 (1st Cir. 2018).

21 U.S.C. § 841(a)(1) makes cultivating marijuana a felony offense. 21 U.S.C. §§ 802(15), 802(22), 812; 18 U.S.C § 3559(a); 21 U.S.C. § 841(b)(1)(D). The evidence already described amply supports the district court's finding that Newton cultivated marijuana.

Newton offers various reasons why this evidence fails to prove cultivation. Only one deserves mention: that based on changing societal trends surrounding recreational marijuana use, cultivating a "small marijuana patch" for personal use should not qualify as a felony offense. 21 U.S.C. § 841(b)(1)(D) dictates,

however, that cultivating marijuana in any quantity under 21 U.S.C. § 841(a)(1) is a felony.

Newton also argues that, contravening this Court's decision in Matthews, 749 F.3d at 105, the district court never made "findings as to any elements of the specific charge." A district court must provide "ultimate findings" when making sentencing enhancement determinations, but not "such subsidiary findings" of the kind Newton suggests. United States v. Tracy, 36 F.3d 199, 203 (1st Cir. 1994). A district court must also "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Nothing in Matthews suggests anything different, and the court's actions here easily satisfied these requirements.

Ultimately, the photo of Newton "pointing a gun directly at the photographer in the middle of a marijuana grow" supports the district court's finding that Newton possessed a firearm "in connection with" another felony offense. The "in connection with" requirement is satisfied where, as here, the "firearm is found in close proximity to drugs." United States v. Cannon, 589 F.3d 514, 517 (1st Cir. 2009) (citing U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14).

**Affirmed.**